**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAWRENCE H. DAVIS,

    Plaintiff,

vs.

STEVEN S. OWENS, *et al.*,

    Defendants.

Case No.: 2:16-cv-02444-GMN-DJA

**ORDER**

  Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carl W. Hoffman, (ECF No. 5), which grants Plaintiff Lawrence H. Davis's ("Plaintiff's") Application to Proceed *in Forma Pauperis*, (ECF No. 4), and recommends that this case be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff filed an Objection, (ECF No. 7), and Added Objections, (ECF No. 8). For the reasons discussed below, the Court **ADOPTS in part** Judge Hoffman's R&R.

**I. BACKGROUND**

  Plaintiff, proceeding in this action *pro se*, alleges that part of his incarceration in Clark County, Nevada was invalid. (Compl. at 4–6, ECF No. 6). According to Plaintiff, he earned various "good time" credits to lessen the length of imprisonment for a conviction in Nevada state court, but these credits were not properly applied to his sentence. (*Id.*). Accordingly, Plaintiff brings this case pursuant to 42 U.S.C. § 1983, requesting monetary damages amounting to $350.00 for every day that he wrongfully spent in prison. (*Id.* at 1, 9).

  On July 23, 2018, Judge Hoffman entered the R&R, (ECF No. 5), recommending dismissal of this case with prejudice for failure to state a claim upon which relief could be granted. Plaintiff then filed Objections, (ECF Nos. 7, 8), to the R&R.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

## III. DISCUSSION

Judge Hoffman recommends dismissal of Plaintiff's claim with prejudice on the ground that it must first be brought through a habeas petition, not under 42 U.S.C. § 1983. (R&R 2:20–3:4, ECF No. 5). Upon review of Plaintiff's claim as alleged in the Complaint, (ECF No. 6), the Court agrees, in part, with Judge Hoffman.

The United States Supreme Court has explained that "if success in [a § 1983 action] would necessarily demonstrate the invalidity of confinement or its duration" then "a state prisoner's § 1983 action is barred (*absent prior invalidation*)—no matter the relief sought (damages or equitable relief)." *Wilkinson v. Dotson*, 544 U.S. 74, 81, (2005) (emphasis added). And here, Plaintiff's Complaint fails to state that a court previously invalidated any aspect of his incarceration. Thus, because Plaintiff's Complaint essentially seeks to now demonstrate the improper duration of his confinement and sentence in order to secure release and monetary damages, it creates a claim that must first be presented through a federal habeas corpus petition rather than under 42 U.S.C. § 1983. (Compl. at 4) (stating that "over a year later . . . the corrections still haven't been made."); *see Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983

action."). Accordingly, Judge Hoffman correctly found that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

However, the Court departs from Judge Hoffman's R&R to the extent that it recommends dismissal of Plaintiff's § 1983 claim with prejudice. While the Complaint does not allege that a court previously found part of Plaintiff's confinement to be invalid, Plaintiff's Objections appear to make that contention. Plaintiff's Objection states, "Judge Douglas Smith granted his motion to be immediately released as [Plaintiff] had been illegally incarcerated actually 85 days." (Obj. 3:6–9, ECF No. 7); (Added Obj. 2:21–23, ECF No. 8). Consequently, it appears that Plaintiff may be able to amend his § 1983 claim to allege that the duration of his prior confinement was previously declared invalid. To allow an opportunity for amendment, the Court provides Plaintiff twenty-one days from the date of this Order to file an amended complaint regarding his § 1983 claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that United States Magistrate Judge Carl W. Hoffman's Report and Recommendation, (ECF No. 5), is **ADOPTED in part**. Plaintiff's claim under 42 U.S.C. § 1983 is **DISMISSED without prejudice and with leave to amend**.

**IT IS FURTHER ORDERED** that, if Plaintiff elects to amend his § 1983 claim, he has twenty-one days from the date of this Order to file an amended complaint. Failure to comply with this deadline will result in dismissal of Plaintiff's § 1983 claim with prejudice.

**DATED** this __31__ day of December, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court